IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ROBERT MILLER #866293        §

v.        §        CIVIL ACTION NO. 6:16cv436

UNIVERSITY OF TEXAS MEDICAL        §
BRANCH, ET AL.

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Miller, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named defendants are the University of Texas Medical Branch, Michael Unit practice manager Pam Pace, Nurse Lori Fortner, Warden Edgar Baker, Sgt. Chris Divin, TDCJ Executive Director Brad Livingston, and Dr. Paul Shrode.

## I. The Plaintiff's Claims and the Magistrate Judge's Report

Miller complains that Pace, Fortner, and Dr. Shrode deliberately gave him the wrong HIV medication over a period of 38 days, causing him to go from "undetectable HIV to full-blown AIDS." Sgt. Divin somehow manipulated Pace and Fortner into giving him the wrong medication. Divin also placed Antonio Aleman, who is an enemy of Miller's, into Miller's cell and told Aleman to kill Miller. Aleman forced Miller to smoke a drug called "K2" and sexually assaulted him. Miller filed a grievance and as a result, he is unable to go to church services or to school because the Mexican Mafia has threatened him. He contends that his life is in imminent danger but Divin will not allow the medical department to transfer him to the Montfort Unit.

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed. The magistrate judge observed that Miller has filed another lawsuit, which is still pending, raising essentially the same claims as are presented in this case. Miller v. Divin, et al., civil action no. 6:15cv711 (E.D.Tex.). This rendered the present lawsuit amenable to dismissal as duplicative and thus abusive or malicious.

The magistrate judge also stated that Miller has previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. He is therefore subject to the provisions of 28 U.S.C. §1915(g), which bars prisoners having filed three such lawsuits or appeals from proceeding under the *in forma pauperis* statute unless the prisoner is under imminent danger of serious physical injury at the time of the filing of the lawsuit or appeal. The magistrate judge stated that Miller's vague and general allegations of imminent danger, entirely lacking in specific facts, were not sufficient to trigger the exception to §1915(g).

The magistrate judge therefore recommended that Miller's application for leave to proceed *in forma pauperis* be denied and that Miller's lawsuit be dismissed with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims, but without prejudice to the refiling of his lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee; should Miller pay the full filing fee of $400.00 within 15 days after the date of entry of dismissal, he should be allowed to proceed as though the full fee had been paid from the outset.

## II. The Plaintiff's Objections

In his objections, Miller again claims that he is in imminent danger from gang members and that Sgt. Divin placed Aleman in his cell and told Aleman to kill him. He says Divin opened his lawsuit and mailed an "incomplete" lawsuit to the court and that Divin has manipulated the mailroom into giving him all of Miller's legal mail. Miller reiterates that Divin manipulated the nurses into giving him the wrong medication, causing him to go from "undetectable HIV" to "full-blown AIDS." He states that his brother will pay the filing fee in the case. Miller attaches a number

of sick call requests, the responses to which indicate that he is being scheduled to see medical providers. Miller's objections do not allude to the magistrate judge's conclusion that his lawsuit is duplicative of pending litigation and may be dismissed on that basis as well.

**III. Analysis**

The alleged actions by Sgt. Divin and the nurses represent past harms, not an imminent danger of serious physical injury. As such, these claims do not meet the exception to §1915(g). Baños v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998) ("imminent danger" means at the time he seeks to file his lawsuit; allegations that prison officials sexually harassed the plaintiff by conducting body cavity searches before he filed his complaint did not suffice); Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (allegations of past harm do not meet the imminent danger requirement).

As the magistrate judge correctly stated, a prisoner must allege specific facts showing he is under imminent danger of serious physical injury; general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to §1915(g). Hyder v. Obama, civil action no. 5:11cv26, 2011 U.S. Dist. LEXIS 31300 (E.D.Tex., March 11, 2011, *Report adopted at* 2011 U.S. Dist. LEXIS 31288 (E.D.Tex., March 24, 2011); Valdez v. Bush, slip op. no. 3:08cv1481, 2008 U.S. Dist. LEXIS 118452 (S.D.Tex., October 24, 2008). Mere recitation of the phrase "imminent danger" or "my life is in danger" does not invoke the exception to §1915(g). McClure v. Langley, civil action no. 5:11cv208, 2012 U.S. Dist. LEXIS 72329 (E.D.Tex., May 24, 2012). Miller's vague and general claim that he is in imminent danger is likewise not sufficient to trigger the exception to §1915(g).

Because Miller has not met the requirements of §1915(g), his lawsuit may be dismissed without an evidentiary hearing or appointment of counsel. *See, e.g., Butler v. Williams*, 476 F.App'x 300, 2012 U.S. App. LEXIS 6152 (5th Cir., March 26, 2012) (affirming *sua sponte* dismissal of complaint under §1915(g) without a hearing or appointment of counsel, and denying appointment of counsel on appeal). Miller has failed to show any error in the magistrate judge's report.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Payment of the filing fee would not affect a frivolousness analysis under 28 U.S.C. §1915A. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 15th day of June, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

4